# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

DEBORAH MILTIER REDMON,

      Plaintiff,

v.                                                               ACTION NO. 2:19cv511

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff Deborah Miltier Redmon ("Ms. Redmon") brought this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of Social Security to deny her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. ECF No. 3 at 2. This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) by order of reference filed December 4, 2019. ECF No. 10.

The Court granted Ms. Redmon's motion to proceed *in forma pauperis*, and she filed her complaint on September 27, 2019. ECF Nos. 2, 3. Defendant filed an answer on December 3, 2019. ECF No. 8.

On December 4, 2019, the undersigned entered an order directing Ms. Redmon to file a motion for summary judgment by January 3, 2020. ECF No. 11. Ms. Redmon failed to comply with the order. On January 23, 2020, defendant filed a motion to dismiss the case for failure to prosecute with a memorandum in support and a *Roseboro* Notice. ECF Nos. 13–15. The notice, issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), advised

Ms. Redmon that failure to respond to the motion to dismiss within 21 days could result in dismissal of the action. ECF No. 15.

In addition, the Court entered a show cause order on May 8, 2020, ordering Ms. Redmon to file within fourteen (14) days of the date of the Order an explanation and show cause why the undersigned should not recommend to the United States District Court Judge that her complaint be dismissed for failure to prosecute or to comply with the rules and order of the Court. ECF No. 16.

Despite these orders, Ms. Redmon has failed to file a motion for summary judgment or any explanation for her failure to so file. The Court has received no further documents from Ms. Miles since the submission of her complaint in September 2019. Ms. Redmon has failed to prosecute this case and comply with the orders of this Court. Therefore, the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss, ECF No. 13, be **GRANTED** and the complaint, ECF No. 3, be **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b).

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within

fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 29, 2020